# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACKSON, | Case No. 1:15-cv-01261 AWI DLB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff Michael Jackson ("Plaintiff"), an inmate in the custody of the Kings County Jail, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 17, 2015. He names Kings County Sheriff Deputies Rodriguez, Crain and McMahon, and Kings County Sheriff Sgt. Balbina as Defendants.

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.   ALLEGATIONS IN COMPLAINT**

The events occurred while Plaintiff was incarcerated at the Kings County Brach Jail, though it does not appear that Plaintiff is currently incarcerated at the jail.

Plaintiff alleges that on July 1, 2015, Defendants Rodriguez, McMahon and Crain conducted a search of his cell.  Plaintiff had two personal drawings on the wall.  The drawings were taken down and discarded.  Plaintiff contends that if the drawings were inappropriate, they should have been placed with his property, not discarded.

Plaintiff requests that he be compensated for his drawings, which he contends are irreplaceable.

**C.     DISCUSSION**

Plaintiff states that he was housed in the Kings County Jail at the time of the events at issue, though he does not indicate whether he was a pretrial detainee or a convicted inmate at the time. Given the nature of Plaintiff's claims, however, the analysis is the same.

    1.     Fourth Amendment

To the extent that Plaintiff alleges that Defendants' destruction of his drawings violated his Fourth Amendment rights, he does not state a claim. The Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.'" United States v. Jacobsen, 466 U.S. 109, 113 (1984). The Supreme Court has held, however, that "the Fourth Amendment has no applicability to a prison cell." Hudson v. Palmer, 468 U.S. 517, 536 (1984); Bell v. Wolfish, 441 U.S. 520, 557 (1979) (holding that pretrial detainees have no Fourth Amendment right to be present when cell and belongings in it are searched). "The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action." Hudson, 468 U.S. at 525 (internal quotation marks and citation omitted). In prison cases, however, "the prisoner's expectation of privacy [must] always yield to what must be considered the paramount interest in institutional security." Id. at 527; see also Bell, 441 U.S. at 557 ("[G]iven the realities of institutional confinement, any reasonable expectation of privacy that a [pretrial] detainee retained necessarily would be of a diminished scope.").

Therefore, as either a prisoner or pretrial detainee, Plaintiff could not have had a reasonable expectation of privacy in his cell, and the Fourth Amendment did not apply to Defendants' search of his cell, even if they intentionally destroyed his property. See Hudson, 468 U.S. at 536 (holding that prisoner's constitutional rights not violated "even if [guard] intentionally destroyed [prisoner's] personal property" because adequate remedy existed for deprivation of property under state tort law); Bell, 441 U.S. at 557 (holding that unannounced searches of pretrial detainee's rooms outside their presence does not violate Fourth Amendment).

Plaintiff therefore fails to state a claim under the Fourth Amendment.

### 2. Due Process

The Due Process Clause protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).

However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); Henderson v. San Joaquin Cnty. Sheriff's Dep't, 2007 WL 2947500, at *2 (E.D.Cal. 2007) (applying same standard to property deprivation claim by pretrial detainee and dismissing complaint with leave to amend)

In his complaint, Plaintiff argues that his drawings were improperly discarded, and that they should have been placed in his inmate property. Indeed, a response to his grievance attached to his complaint confirms that the deputies should have been placed with Plaintiff's property. ECF No. 1, at 7. As this is an unauthorized deprivation, Plaintiff has an adequate post-deprivation remedy under California law and he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

Plaintiff therefore fails to state a claim under the Due Process Clause.

### 3. Defendant Balbina

Although Plaintiff names Defendant Balbina in the caption and list of Defendants, he does not include any factual allegations against him. Without facts linking Defendant Balbina to any alleged constitutional deprivation, Plaintiff fails to state a claim against him.

### D. **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim against any Defendants. Due to the nature of the deficiencies, it is unclear whether Plaintiff can correct the issues. Nonetheless, the Court will afford Plaintiff one opportunity to correct the deficiencies identified above. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll

1  v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the
2  nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith,
3  507 F.3d 605, 607 (7th Cir. 2007).

4      If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under
5  section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's
6  constitutional rights and liability may not be imposed on supervisory personnel under the mere
7  theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07
8  (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual
9  allegations must be [sufficient] to raise a right to relief above the speculative level. . ."  Twombly,
10 550 U.S. at 555 (citations omitted).

11     Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa
12 County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without
13 reference to the prior or superceded pleading," Local Rule 220.

14     Based on the foregoing, it is HEREBY ORDERED that:

15     1.    Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;

16     2.    The Clerk's Office shall send Plaintiff a complaint form;

17     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must
18         file an amended complaint curing the deficiencies identified by the Court in this
19         order.

20     4.    <u>If Plaintiff fails to comply with this order, this action will be dismissed, without
21         prejudice, for failure to obey a court order.</u>

22
23 IT IS SO ORDERED.

24     Dated:  **December 3, 2015**            /s/ *Dennis L. Beck*
25                                           UNITED STATES MAGISTRATE JUDGE