# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACKSON, | Case No. 1:15-cv-01261 AWI DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMEDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| RODRIGUEZ, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Michael Jackson ("Plaintiff"), a former inmate in the Kings County Jail, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 17, 2015. Pursuant to Court order, he filed a First Amended Complaint on December 17, 2015. He names Kings County Sheriff Deputies Rodriguez, Crain and McMahon, and Kings County Sheriff Sergeant Balbina as Defendants.

**A.  SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     ALLEGATIONS IN COMPLAINT**

The events occurred while Plaintiff was incarcerated at the Kings County Brach Jail.

Plaintiff alleges that on July 1, 2015, Defendants Rodriguez, McMahon and Crain conducted a search of his cell. Plaintiff had two personal drawings hanging on the wall. The drawings were taken down and discarded. Plaintiff contends that if the drawings were inappropriate, they should have been placed with his property, not discarded.

///

2

Plaintiff refers to a grievance response which states that his property was discarded and should have been placed with his property.

Plaintiff requests that he be compensated for his drawings, which he contends are irreplaceable, in the total amount of $1,500.00.

**C.  DISCUSSION**

Plaintiff's First Amended Complaint is almost exactly the same as his original complaint. Indeed, his factual allegations, as well as his exhibits, are identical. ECF No. 10, at 3. As he did not make any changes, the Court's prior analysis remains applicable.

Plaintiff states that he was housed in the Kings County Jail at the time of the events at issue, though he does not indicate whether he was a pretrial detainee or a convicted inmate at the time. Given the nature of Plaintiff's claims, however, the analysis is the same.

    1.    Fourth Amendment

To the extent that Plaintiff alleges that Defendants' destruction of his drawings violated his Fourth Amendment rights, he does not state a claim. The Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.'" United States v. Jacobsen, 466 U.S. 109, 113 (1984). The Supreme Court has held, however, that "the Fourth Amendment has no applicability to a prison cell." Hudson v. Palmer, 468 U.S. 517, 536 (1984); Bell v. Wolfish, 441 U.S. 520, 557 (1979) (holding that pretrial detainees have no Fourth Amendment right to be present when cell and belongings in it are searched). "The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action." Hudson, 468 U.S. at 525 (internal quotation marks and citation omitted). In prison cases, however, "the prisoner's expectation of privacy [must] always yield to what must be considered the paramount interest in institutional security." Id. at 527; see also Bell, 441 U.S. at 557 ("[G]iven the realities of institutional confinement, any reasonable expectation of privacy that a [pretrial] detainee retained necessarily would be of a diminished scope.").

Therefore, as either a prisoner or pretrial detainee, Plaintiff could not have had a reasonable expectation of privacy in his cell, and the Fourth Amendment did not apply to

Defendants' search of his cell, even if they intentionally destroyed his property. See Hudson, 468 U.S. at 536 (holding that prisoner's constitutional rights not violated "even if [guard] intentionally destroyed [prisoner's] personal property" because adequate remedy existed for deprivation of property under state tort law); Bell, 441 U.S. at 557 (holding that unannounced searches of pretrial detainee's rooms outside their presence does not violate Fourth Amendment).

Plaintiff therefore fails to state a claim under the Fourth Amendment.

### 2. Due Process

The Due Process Clause protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).

However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); Henderson v. San Joaquin Cnty. Sheriff's Dep't, 2007 WL 2947500, at *2 (E.D.Cal. 2007) (applying same standard to property deprivation claim by pretrial detainee and dismissing complaint with leave to amend)

Plaintiff argues that his drawings were improperly discarded, and that they should have been placed in his inmate property. Indeed, an attached response to his grievance confirms that the deputies should have placed the drawings with Plaintiff's property. ECF No. 10, at 9. As this is an unauthorized deprivation, Plaintiff has an adequate post-deprivation remedy under California law and he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

Plaintiff therefore fails to state a claim under the Due Process Clause.

### 3. Defendant Balbina

Although Plaintiff names Defendant Balbina in the caption and list of Defendants, he does not include any factual allegations against him. Without facts linking Defendant Balbina to any alleged constitutional deprivation, Plaintiff fails to state a claim against him.

### D.     **FINDINGS AND RECOMMENDATIONS**

Plaintiff's complaint fails to state a claim against any Defendants. Plaintiff was informed of the above deficiencies in the prior screening order, but he has submitted an almost identical copy of his original complaint. Given the nature of the deficiencies and Plaintiff's failure to add *any* facts in his First Amended Complaint, further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Court therefore RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

   Dated:   **March 5, 2016**           /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE